**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**IN RE JOSEPHINE JONES**                                               **PLAINTIFF**

**V.**                                                              **CASE NO.: 3:08CV124-SA**

**WALTER MORTGAGE COMPANY,
MID-STATE HONES, INC., and
BEST INSURORS, INC.**                                                **DEFENDANTS**

<u>ORDER DENYING
MOTION TO WITHDRAW REFERENCE</u>

This matter is before the Court on Defendants' motion seeking to have the Court withdraw its reference of this case to the Bankruptcy Court. The Court finds as follows:

FACTS[1] AND PROCEDURAL BACKGROUND

As a part of a building contract, Plaintiff Josephine Jones executed a promissory note and deed of trust on July 24, 2000, in favor of Jim Walter Homes, Inc., which was secured by her residential property. The promissory note and deed of trust were initially assigned by Jim Walter Homes, Inc., to Mid-State Homes and, ultimately through several other assignments to Walter Mortgage. The proof of claim that was filed in Jones' bankruptcy case designated Mid-State Homes as the secured creditor. In this proceeding, the defendant entities will be considered as one and the same.

Jones filed a voluntary petition for relief pursuant to Chapter 13 Bankruptcy Code on February 20, 2003. Her Chapter 13 plan was confirmed by an order of the Bankruptcy Court on

---

[1] These facts are derived from the Bankruptcy Court's Opinion denying Defendants' Motion to Dismiss and Motion to Compel Arbitration. <u>In re Jones v. Walter Mortgage, et al.</u>, Bankruptcy No. 08-1068, docket no. 39 (October 6, 2008).

June 5, 2003.  According to the Chapter 13 Trustee's Final Report and Account, Jones paid the debt owed to Walter Mortgage through her Chapter 13 plan in conformity with the amounts set forth on the proof of claim filed in the name of Mid-State Homes.

After Jones' plan was confirmed, Walter Mortgage acquired "force placed" hazard insurance covering Jones' property and assessed her account for the premiums related to this coverage over the period that the plan was being administered in the total amount of $4,524.00.  None of the Defendants ever notified Jones' bankruptcy counsel, the Chapter 13 trustee, or the Bankruptcy Court of these charges, and never petitioned the Bankruptcy Court, pursuant to Rule 2016(a), Federal Rules of Bankruptcy Procedure, to have these charges approved.  Therefore, the proof of claim was never amended to reflect these additional expenses.

On July 25, 2007, the Chapter 13 trustee filed a motion styled "Trustee's Motion for an Order Declaring 1322(b)(5) Claim of Mid-State Homes Current and Defaults Cured."  This motion was noticed to Mid-State Homes and its attorneys on the same date, but no response or objection was filed. Consequently, on August 17, 2007, an order was entered by the Bankruptcy Court finding that the long-term debt of Mid-State Homes was current and that all defaults were cured.

Jones received her Chapter 13 discharge on October 10, 2007.  Thereafter, on February 12, 2008, Walter Mortage notified Jones that her account was delinquent in the sum of $4,677.58, as a result of the "force placed" insurance coverage plus accrued interest.  Walter Mortgage demanded that this amount be paid by March 5, 2008.

The demand letter prompted the filing of the above captioned adversary class action complaint by Jones against the Defendants.  Jones has asserted that the Defendants charged unauthorized fees and expenses to her account in violation of Rule 2016(a), Federal Rules of

Bankruptcy Procedure, and that the Defendants violated several sections of the Bankruptcy Code and the aforementioned order of the Bankruptcy Court which had determined that the debt owed to Mid-State Homes was current and that all defaults were cured. In response, the Defendants filed a Motion to Dismiss and a Motion to Compel Arbitration which was addressed by the Bankruptcy Court. The Defendants also filed the present Motion to Withdraw Reference [2].

ANALYSIS

There are two methods by which a court withdraws its reference of a case to bankruptcy court; the first is mandatory withdrawal and the second is permissive withdrawal. As for mandatory withdraw, 28 U.S.C. Section 157(d) provides that:

> [t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on a timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of a proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

Under Section 157(d), a district court must withdraw its reference of a case to the bankruptcy court provided that (i) the proceedings in the bankruptcy court involves substantial and material question of non-Bankruptcy Code federal law, (ii) the non-Bankruptcy Code federal law has more than a *de minimis* effect on interstate commerce; and (iii) a motion for withdrawal of the reference has been timely filed.

As for permissive withdrawal, the Court must consider the following factors:

(1)     whether the subject claim is core or non-core;[2]

---

[2] Section 157(b) of Title 28 of the United States Code defines core and non-core proceedings. Section 157(b)(2)(A)-(P) list specific examples of core proceedings. Even if a matter falls within the literal language of § 157(b)(2)(A)-(P), the matter must also arise under Title 11 or arise in a Title 11 bankruptcy case. The Fifth Circuit

(2) the most efficient use of judicial resources;

(3) the length of potential delay and the cost to the parties of that delay;

(4) whether withdrawal will promote uniformity of bankruptcy administration;

(5) whether the party seeking withdrawal of the reference is engaging in forum shopping; and

(6) other related factors.

Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985). The party seeking withdrawal of reference has the burden of establishing a "sound articulated foundation" for permissive withdrawal. Id. at 998.

The Court finds that mandatory withdrawal does not apply as this proceeding does not involve a substantial and material question of non-Bankruptcy Code federal law. The issues revolve around violations of the Bankruptcy Code and Bankruptcy Procedure. Thus, the first element of mandatory withdrawal, that the proceedings involve of a substantial and material question of non-Bankruptcy Code federal law in this case, is not present here.

As for permissive withdrawal, the Court finds that the relevant factors weigh in favor of denying the motion to withdraw. Plaintiff seeks relief for violations of the Bankruptcy Code and Bankruptcy Procedure. These are core claims as none of her claims could exist outside of bankruptcy. See Wood v. Wood, 825 F. 2d 90 (5th Cir. 1987) ("If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of

---

has defined core versus non-core matters consistent with § 1334(b)'s jurisdictional grants of authority. Wood v. Wood, 825 F.2d 90 (5th Cir. 1987). Core proceedings concern matters that arise under title 11 or arise in a bankruptcy case under title 11. Id. at 96-97. A case arises under title 11 "[i]f the proceeding is one that would arise only in bankruptcy." Id. "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding . . . under § 157(c)(1) it is an 'otherwise related' or non-core proceeding." Id.

bankruptcy it is not a core proceeding . . . under § 157(c)(1) it is an 'otherwise related' or non-core proceeding."). To allow this case to proceed in the Bankruptcy Court would be the most efficient use of judicial resources as this case has been pending there for some time, and the issues raised in the Plaintiff's Complaint require construction of bankruptcy law, an area in which the Bankruptcy Court possess special expertise. Further, the length of any potential delay and the cost to the parties of that delay would be great if this case were transferred to this Court from the Bankruptcy Court. Lastly, withdrawal would not promote uniformity of bankruptcy administration, a goal that is best served by having the Bankruptcy Court adjudicate this matter.

## CONCLUSION

For the reasons set forth above, the Court finds that Defendants' Motion to Withdraw the Reference [2] is DENIED.

SO ORDERED, this the 16th day of September 2009.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**